# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JOSE LUIS BOTELLO, | ) |
| | ) |
| Petitioner, pro se, | ) **MEMORANDUM OPINION** |
| | ) **AND RECOMMENDATION** |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) 1:08CV270 |
| | ) 1:05CR406-1 |
| Respondent. | ) |

Petitioner Jose Luis Botello, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 27).[1] Petitioner was indicted on one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and one count of possession of ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (docket no. 1). He later pled guilty to the firearm count (docket nos. 12 and 13). Petitioner was sentenced to 55-months imprisonment (docket no. 14). Petitioner did file a direct appeal, but he was unsuccessful in obtaining any relief (docket nos. 25 and 26). He then brought the current motion under section 2255. Respondent has filed a response (docket no. 29), Petitioner has submitted a reply (docket no. 31), and the matter is now before the court for a decision.

---

[1] This and all further cites to the record are to the criminal case.

**DISCUSSION**

Petitioner's motion raises four claims for relief. The first claim is that his conviction is deficient because his prior conviction for possession with intent to sell and distribute marijuana is not a felony conviction. Therefore, he reasons that he cannot be a convicted felon in possession of a firearm. Petitioner's second claim repeats this premise and claims that his indictment did not state an offense because he is not a convicted felon. Petitioner's fourth claim also relies on the classification of his prior conviction and makes an undefined claim based on Petitioner's belief that his prior conviction was not a felony that would support his federal conviction. The only claim not relying on that theory is his third claim for relief. That claim states that traffic convictions and convictions more than fifteen years old were improperly used to increase his criminal history to Level VI in the Presentence Report (PSR).

All of Petitioner's original claims clearly fail. The basis for Petitioner's first, second, and fourth claims has already been thoroughly litigated. The question of whether or not his prior conviction qualified as a prior felony conviction under 18 U.S.C. § 822(g)(1) was first raised by his attorney in a motion to dismiss filed prior to Petitioner pleading guilty (docket no. 10). Petitioner's plea agreement preserved his right to contest that issue on appeal (docket no. 22, Plea Tr. at 4). Petitioner did pursue the issue on direct appeal, but his argument was rejected by the Fourth Circuit Court of Appeals because it was foreclosed by prior circuit precedent. *United States v. Botello*, 219 Fed. Appx. 294, 294-295 (4th Cir.), *cert. denied*, ___ U.S. ___,

127 S. Ct. 3029 (2007). The Fourth Circuit specifically held that Petitioner's prior conviction for possession with intent to distribute marijuana is a proper predicate felony under section 922(g)(1). Petitioner cannot now relitigate the issue in a section 2255 motion. *Boeckenhaupt v. United States*, 537 F.2d 1182 (4th Cir. 1976). Furthermore, even if he could, he would again fail for the same reasons as were set out by the Fourth Circuit in denying his direct appeal. Petitioner's first, second, and fourth claims for relief should be denied.

Petitioner's remaining claim should also be denied. That claim is a nonconstitutional claim which was not raised on direct appeal and is, therefore, waived. *Stone v. Powell*, 428 U.S. 465, 477 n. 10 (1976). It can only be considered if it involves a fundamental defect that would result in a complete miscarriage of justice. *Id.* It does not. Petitioner challenges the counting of certain convictions in his criminal history score because they were more than fifteen years old, but this simply did not occur. A review of the PSR shows that each of the convictions for which Petitioner was assessed criminal history points was less than fifteen years old at the time of the commission of the instant offense (PSR ¶¶ 21-23, 25-28, 30-32). Petitioner also asserts that his criminal history score was increased too much based on traffic violations. While much of Petitioner's criminal record was composed of felony and misdemeanor traffic offenses, those offenses were properly counted under USSG § 4A1.1(a) and (c). To the extent that misdemeanors or minor offenses were used, they were limited to only four points, as required by USSG § 4A1.1(c)

-3-

(PSR ¶ 34). Petitioner has pointed to no improper calculation in the PSR. His third claim for relief should be denied.

Following the filing of Respondent's response brief, Petitioner filed a reply. In that reply, perhaps realizing the futility of his original claims, Petitioner says little about the claims raised in his section 2255 motion. Nothing in the reply changes the analysis of those claims as set out above. Instead, Petitioner shifts his focus by attempting to raise a new set of challenges to his conviction. This is not proper because all claims should have been raised in the original motion. His new claims should be denied for that reason alone.

Even if the claims raised in Petitioner's reply brief are considered on their merits, they should still be denied. Petitioner first claims that his conviction is invalid because section 922(g)(1) authorizes a cruel and unusual punishment based on his status as a convicted felon. Nevertheless, he also recognizes that the statute does not punish him for being a convicted felon, but instead for possessing a firearm after becoming a convicted felon. He even cites a case directly rejecting the same argument raised as a challenge to what is now section 922(g)(3). *United States v. Ocegueda*, 564 F.2d 1363, 1366-67 (9th Cir. 1977). In fact, section 922(g) has been upheld against a variety of Eighth Amendment challenges. *See United States v. Reynolds*, 215 F.3d 1210, 1214 (11th Cir. 2000) (collecting cases). This court should also uphold the statute and deny Petitioner's claim.

Petitioner further contends that section 922(g)(1) violates the equal protection clause of the Fifth Amendment of the United States Constitution. He argues that it impermissibly punishes only certain felons for possessing firearms because some other types of nonviolent felons are allowed to possess firearms under 18 U.S.C. § 921(a)(20)(A). Curiously, Petitioner again defeats his own argument by pointing out that Congress' intent was to keep firearms out of the hands of the felons most likely to engage in violence, while allowing certain felons with a low risk of violence to continue to possess guns. Petitioner even concedes that this distinction was "perfectly reasonable" (docket no. 31 at 7). According to case law cited by Petitioner, the statute should be upheld based on this "perfectly reasonable" and rational basis. *Lewis v. United States*, 445 U.S. 55, 66 (1980) (restrictions on the possession of firearms by felons prone to violence do not violate Fifth Amendment).

Finally, Petitioner argues that section 922(g) requires that Respondent prove that the weapon he possessed was connected to interstate commerce. While this is correct, the argument falters because Respondent did prove that element in this case. The factual basis specifically states that the firearm Petitioner admittedly possessed had been manufactured outside the state of North Carolina (docket no. 12 at 1). Petitioner possessed the firearm in this state, meaning that it must have moved in interstate commerce in order to be present here. Petitioner's final claim should be denied because it is contradicted by the record.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (docket no. 27) be **DENIED** and that Judgment be entered dismissing this action.

_____
Wallace W. Dixon
United States Magistrate Judge

Durham, N.C.
October 22, 2008